UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

JACK SCHOPMEYER,

                                 Plaintiffs,

           -against-

THE CITY OF NEW YORK, DETECTIVE DASH, and
POLICE OFFICERS JOHN DOE 1 and 2,

                           Defendants.

--------------------------------------------------------------------------- x

**ECF CASE**

**VERIFIED COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from an October 22, 2015 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, malicious prosecution, fabricated evidence, wrongful arrest and unlawful imprisonment. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide any causes of action under New York State law arising from this incident herein.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiffs' federally protected rights took place in this district, specifically at 100 Centre Street, and at the 6th NYPD Precinct, both in the County of New York.

## PARTIES

5.   Plaintiff Jack Schopmeyer is a resident of the State of New York, County of Kings.

6.      The City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Detective Dash is a member of the NYPD who was assigned to the 6th Precinct Detective Squad on October 22, 2015.  Dash is sued in his individual and official capacity.

8.      Police Officers John Doe 1 and 2 are members of the NYPD who were assigned to the Central Booking at the Criminal Courthouse located at 100 Centre Street, and Police Control Room 230 on October 22, 2015.  John Does 1 and 2 are sued in their individual and official capacities.

## STATEMENT OF FACTS

9.    On October 22, 2015, at approximately 08:00 a.m., at the request of Detective Dash, plaintiff met Detective Dash at the 6th Precinct, in Manhattan, New York.  Prior to the meeting, a complaint had been filed against plaintiff by a lawyer who represented a stationary business named Stevdan Stationers (Hereafter "Stevdan').  The complaint concerned a bounced check from a defunct business that plaintiff owned.  Plaintiff, through the above-mentioned defunct business, had been a customer of Stevdan for years.  Upon the closing of the above-mentioned business, the check for the most recent purchase from Stevdan was returned unpaid.  Stevdan demanded payment in cash.  When a cash transaction could not be arranged, an attorney for Stevdan filed a complaint with the 6th Precinct.  Prior to the above-mentioned meeting between plaintiff and Detective Dash, Stevdan had been paid in full.  Upon information and belief, Detective Dash was made aware that Stevdan had been paid in full and that Stevdan did not wish to pursue the previously filed complaint.  Nonetheless, upon plaintiff's arrival at the 6th Precinct, plaintiff was arrested under Arrest No. M15679583 and charged with grand larceny, a felony, even though Plaintiff, had not committed any crime whatsoever. After the arrest paperwork was completed, plaintiff was taken to Manhattan Central Booking to await arraignment.  While at Manhattan Central Booking, plaintiff was unable to access the daily medication that plaintiff must take to address the head, arm and nerve pain that accompanies plaintiff's recent diagnosis of multiple sclerosis.

10.    While plaintiff was awaiting arraignment, Detective Dash met with a prosecutor employed by the New York County District Attorney's Office.

11.    Detective Dash, with malice, misrepresented to the prosecutor that plaintiff had committed the crime of grand larceny.

3

12.     While plaintiff was awaiting arraignment, Marcy Chelman, a prosecutor from the New York County District Attorney's Office, spoke with the attorney representing plaintiff, and was informed of the above-mentioned facts.   Based thereon, on October 22, 2015, at approximately 09:30 p.m., the New York County District Attorney's Office declined to prosecute the charges against the plaintiff.

13.     As a result of the aforesaid decision not to prosecute, an order to release the plaintiff, to wit, a "cut slip," was delivered to Police Officers John Doe 1 and 2, in the Police Control Room 230 of Central Booking.

14.     However, due to malice, intentional disregard of plaintiff's right to be free from custody, recklessness, or negligence, the plaintiff was not released from custody on October 22, 2015.

15.     The following morning, October 23, 2015, plaintiff's attorney personally entered 100 Centre Street to demand the plaintiff's release.   As a result of the action and inaction of Police Officers John Doe 1 and 2, plaintiff was not released from custody until October 23, 2015, at approximately 09:30 a.m., after being incarcerated for nearly twenty-five (25) hours after his arrest and twelve (12) hours after his release was ordered and his charges dismissed.   Plaintiff had no active warrants or holds.

16.     As a result of defendants' actions, plaintiffs suffered emotional distress, fear, embarrassment, humiliation, loss of liberty for approximately 25 hours, shock, discomfort, pain and suffering, and the harshness of incarceration.

**FEDERAL AND STATE LAW CLAIMS AGAINST DETECTIVE DASH AND POLICE OFFICERS JOHN DOE 1 AND 2.**

17.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-16 as if fully set forth herein.

18.    The conduct of Detective Dash, Police Officers John Doe 1 and 2, as described herein, amounted to false arrest, malicious prosecution, fabrication of evidence, wrongful arrest and unlawful imprisonment,  This conduct violated plaintiffs' rights under 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

**FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

19.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-18 as if fully set forth herein.

20.    The City of New York directly caused the Constitutional violations suffered by plaintiff Jack Schopmeyer.

21.    Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

5

22.    Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

23.    The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

24.    Moreover, because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    January 20, 2016
          New York, New York

AIDALA, BERTUNA & KAMINS, P.C.
546 5th Avenue – 6th Floor
New York, New York 10036
(212) 486-0011

By:    /s/  IMRAN H. ANSARI, ESQ.  IA1978

6

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

IMRAN ANSARI, ESQ., being duly sworn, affirms and says:

1.  I am an attorney at law, duly admitted to practice before the Courts of the State of New York and a member of the AIDALA, BERTUNA & KAMINS, P.C., attorneys for plaintiffs JACK SCHOPMEYER.

2.  I have read the annexed Verified Complaint, know the contents thereof to be true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based upon my personal knowledge and my review of the files maintained by my office.

3.  The reason this Verification is being made by me is that plaintiff Jack Schopmeyer does not reside in the county where my office is located.

/s/  IMRAN H. ANSARI, ESQ.  IA1978

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JACK SCHOPMEYER,

                                        Plaintiffs,

              -against-

THE CITY OF NEW YORK, DETECTIVE DASH,  and
POLICE OFFICERS JOHN DOE 1 and 2,

                                        Defendants.

------------------------------------------------------------------------ x

## CIVIL SUMMONS AND VERIFIED COMPLAINT

*AIDALA, BERTUNA & KAMINS, P.C.*
*Attorneys for Plaintiff(s)*
546 5th Avenue – 6th Floor
New York, New York 10036
Telephone (212) 486-0011